UNITED STATES, Appellant and Cross-Appellee

v.

CLARK R. JESTER, Private E–1, U. S. Army, Appellee and Cross-Appellant

2 USCMA 280, 8 CMR 80

LT. COL. Williams R. Ward, U. S. Army, for Appellant and Cross-Appellee.

LT. COL. Herman P. Goebel, Jr., U. S. Army, 1ST LT. Bernard Landman, Jr., U. S. Army, and 1ST LT. Michael E. McGarvey, U. S. Army, for Appellee and Cross-Appellant.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted by general court-martial in Korea of wilful disobedience of a non-commissioned officer and was sentenced to dishonorable discharge and confinement and forfeitures for five years. The convening authority approved the findings and sentence, suspending the dishonorable discharge until release from confinement or completion of appellate review, but the board of review reversed. The board held that prejudicial error occurred when the law officer conferred with the court outside the presence of accused and his counsel. The correctness of this decision has been certified by The Judge Advocate General of the Army.

The record reflects that after the court had closed to deliberate on the findings, the law officer was called into closed session and the following colloquy took place:

"At 1124 hours, 19 June 1952, the law officer and the reporter were called into the closed session of the court and the following proceedings took place.

LO: Let the record reflect that the law officer and reporter appeared before the court at the request of the court in closed session.

PRES: Major, will you read again the last of the three maximum punishments that you gave.

LO: And to be confined at hard labor for his natural life.

PRES: What is the authority?

LO: The lifting by the executive

order. The Table of Maximum Punishments as to several Articles including 90 and parts of 91 has been lifted.

Lieutenant Colonel Gibson: Where is that?

Lieutenant Colonel Moore: I don't see where there is any authority on 91, on 90, yes, but not on 91.

LO: It is not in the Manual itself but it is contained in the Executive Order issued by the President of the United States, Executive Order 10247, dated 29 May 1951. It specifically provides for the lifting of the Table of Maximum Punishments as it applies, among others, to Article 91 (1) (2) of the Uniform Code of Military Justice.

PRES: Thank you.

The law officer and the reporter, upon being excused by the president, then withdrew from the courtroom at 1126 hours, 19 June 1952."

It is apparent from the foregoing that the advice of the law officer related to the legal maximum punishment which could be imposed, and as such, constituted illegal participation in the deliberations of the court. Rehearing is required. United States v. Miskinis and Pontillo (Nos. 1535, 1536, 1579), 8 CMR 73, decided this date. The decision of the board of review is affirmed.

Judge BROSMAN concurs.

LATIMER, Judge (dissenting):

I dissent for the reasons set forth in my dissenting opinion in United

States v. Woods and Duffer. (No. 1023), 8 CMR 3 decided February 19, 1953. The line of demarcation between legal and illegal participation in the deliberations of the court becomes more indistinct.

The board of review in its decision stated that it was unable to find any prejudice to the substantial rights of the accused and that it would affirm the conviction if it were not for the holding of this court in United States v. Wilmer Keith (No. 503), 4 CMR 85, decided July 30, 1952. In my opinion, the board appraised properly the lack of prejudice and the conviction and sentence should be affirmed.